OPINION

SLOVITER, Circuit Judge.
I.
Appellant Margaret Roland pled guilty to five counts of violating 18 U.S.C. § 924(a)(1)(A), for making straw purchases of five pistols on behalf of Jack Britford, a drug dealer. The Government has moved to enforce the appellate waiver. However, because Roland claims that the Government breached the plea agreement, we must consider both parties’ claims of breach. In considering those claims, we necessarily decide the merits of this appeal.
Roland’s plea agreement committed her to testify truthfully regarding these straw purchases in exchange for the Government’s agreement to file a motion for a downward departure for substantial assistance pursuant to § 5K1.1 of the Sentencing Guidelines. The plea agreement states that Roland agrees to “provide truthful, complete and accurate information and testimony,” and that she specifically agrees to “testify truthfully as a witness before any grand jury.” App. at 21, 22. It further states that Roland agrees that if the Government determines that she has not provided “full and truthful cooperation,” the Government may “decline to file any motion under U.S.S.G. § 5K1.1” and “be relieved of any obligations ... regarding recommendations as to sentence.” App. at 23, 24. The agreement provides that the Government shall have sole discretion in determining whether Roland has violated the terms of the agreement. The agreement expressly provides that the Government “may refuse to file a § 5K1.1 motion if this plea agreement is breached in any way.” App. at 25. The plea agreement included the usual waiver of appeal, with specified exceptions.
Thereafter, Roland appeared before a grand jury, where she admitted the straw purchase of five guns but stated that she bought a sixth gun for herself, and that it was stolen from her. At Roland’s sentencing hearing, the Government declined to file a § 5K1.1 motion, contending that Roland’s statement about the sixth gun was untrue, and that Roland therefore violated her commitment to testify truthfully. The Government asked the District Court to impose a two-point enhancement for obstruction of justice and to deny Roland the two-point reduction for acceptance of responsibility contemplated by the plea agreement. At a hearing on this issue, the Government presented the testimony of Britford, who stated Roland bought all six guns for him, the testimony of two local police officers who had questioned Roland and who described Roland’s vague and conflicting explanations of how she had lost the first gun, a recorded phone call in which Britford suggested that Roland had bought all the pistols for him, and a document showing that Roland still lived at the address from which she told a police offi *276 cer she was moving at the time she lost the gun.
The District Court found that the Government had shown by a preponderance of the evidence that Roland had committed perjury before the grand jury. As a result, Roland’s Sentencing Guideline was increased by four points, for a total criminal offense level of sixteen and a guideline range of twenty-one to twenty-seven months. The District Court rejected Roland’s objection to the Government’s failure to file a § 5K1.1 motion for downward departure, finding that the Government “had a good basis on which to decline to file a 5K1 motion.” Supp.App. at 215. The District Court sentenced Roland to twenty-one months imprisonment, at the low end of the sentencing range. She appeals.[1]
II.
Roland relies primarily on this court’s decision in United States v. Isaac, 141 F.3d 477, 484 (3d Cir.1998), where we held that district courts have jurisdiction to review the Government’s refusal to file a § 5K1.1 motion even though the terms of the plea agreement left that decision to the sole discretion of the Government. The district court in Isaac had refused to review the Government’s decision on the ground that the “sole discretion” language in the plea agreement left the Government’s decision beyond any judicial review. Id. at 482. We held that a plea agreement was a contract and should be reviewed on the same ground as other contracts. Id. The District Court did so here and reached the amply supported conclusion that Roland breached her agreement to provide complete and truthful information not only about the specific offense which the grand jury was considering but all “other crimes about which she has knowledge.” App. at 22. Roland’s attempt to circumscribe her responsibility is frivolous in light of the language of the plea agreement. We agree with the District Court’s conclusion that Roland’s failure to testify truthfully gave the Government ample basis for its decision not to file a § 5K1.1 motion.
III.
We will therefore affirm the judgment of sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and this court has jurisdiction over this direct appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.